Harrison *v.* Farrington.

IRA M. HARRISON, administrator &c.,

*v.*

JOSEPH T. FARRINGTON.

Partnership articles provided that in case of the death of either partner before May 1st, 1876, the business should be carried on until that time. One of the two partners died intestate on November 17th, 1875, and the business was thereafter continued by the survivor, the defendant, until May 1st, 1876. The complainant, as administrator of the deceased partner, filed a bill alleging that the defendant had, at his request, rendered an account as surviving partner, which was fraudulent, and asking that he be required to account in this court. The defendant filed a plea thereto, setting up that on May 1st, 1876, and before the filing of the bill, complainant and defendant made up, stated and settled an account in writing of all the dealings and transactions between the partners during the lifetime of the decedent, and after his death down to May 1st, 1876, and of all matters and things thereunto relating or at any time before that date being or depending between the decedent and the defendant and the complainant and defendant, and in respect whereof the bill was filed ; that the complainant, after a strict examination of the account and the particulars thereof (which account the defendant avers to be true and just according to his best knowledge and belief ), approved and allowed them ; that according to the account, the interest of the decedent in the business was $14,578.85 ; that the complainant urged the defendant to buy that interest at the price of $10,000, the value at which he had appraised it in his inventory as administrator of the decedent and offered certain inducements, and that defendant bought the

interest accordingly, and complainant delivered it to him and he paid for it. There is also an explicit denial of any fraud.—*Held,* that the averments of the plea were good, and that, too, as well in reference to partnership matters before the intestate's death as afterwards, and amounted to a plea of an account stated and settled.

———

Bill for an account. On amended plea.

*Mr. J. W. Taylor,* for complainant.

*Mr. S. C. Mount,* for defendant.

THE CHANCELLOR.

The complainant, administrator of John C. Johnson, deceased, by his bill prays an account of the partnership dealings of the firm of John C. Johnson & Co. (which was composed of his intestate and the defendant), not only up to the time of Mr. Johnson's death, November 17th, 1875, but also from that time up to the 1st of May, 1876—the business having been continued up to the latter date after Mr. Johnson's death by virtue of a provision in the articles of copartnership. The bill alleges that the complainant, after the latter date, sought an account from the defendant, and about the 1st of July, 1876, received from him a statement showing that the value of the interest of the Johnson estate in the firm was $14,578.85, and it states that the complainant assumed, from his confidence in the defendant, that the statement, although meagre and general, was correct. It also alleges that for the same reason he believed representations subsequently made to him by the defendant as to the depreciation of the stock represented by that balance (the above-mentioned value), and consequently sold the interest of the estate to the defendant for $9,582.32. The bill further states that the complainant has discovered that those representations were false and fraudulent, and that in the statement the defendant fraudulently charged the estate with the note of one Miller, which he ought to have required Miller to pay &c. The defendant pleaded and the plea was overruled. *11 Stew. Eq. 358.* On leave granted he amended his plea, and the matter now comes before me on the hearing of the plea as amended.

The plea states that on or about the 1st of May, 1876, and before the filing of the bill, the complainant and defendant made up, stated and settled an account in writing of all the dealings and transactions between the defendant and Johnson during the lifetime of the latter and after his death, until the 1st of May, 1876, and of all matters and things thereunto relating, or at any time before that date being or depending between Johnson and the defendant and the complainant and defendant, and in respect whereof the bill was filed; that the complainant, after a strict examination of the account and the particulars thereof (which account and particulars the defendant avers to be true and just, according to his best knowledge and belief), approved and allowed them; that according to the account so stated, the interest of Johnson in the business was $14,578.85; that the complainant urged the defendant to buy the interest at the price of $10,000, the value at which the complainant had appraised it in his inventory as administrator, and offered as an inducement if he would do so to allow him the amount of a note of Samuel Thompson for $262.72, which was held by the firm but not considered good, except that the complainant had a life insurance policy as collateral security therefor, and to waive interest on the notes to be given for the purchase-money; that the defendant then agreed to buy the interest on those terms, and then did buy it and the complainant sold and delivered it to him upon those terms, and he paid for it as afterwards stated in the plea; that a memorandum of the agreement of sale was drawn up in writing, which is set forth at length in the plea; that the complainant subsequently allowed a further deduction of $155 from the price, reducing it to $9,582.28; that the complainant sued the defendant for that money and recovered judgment against him for it, and that he paid the judgment. The plea contains other cognate and pertinent matters, among which is an explicit denial of the alleged fraud.

The plea is good. It sets up an account stated and settled by the purchase by the defendant of the complainant of the interest of the estate of Johnson in the business and property of the firm. The complainant urges that the plea does not by its terms allege

a settlement of any account except that of Johnson's interest in the business of the firm during his lifetime, whereas there were transactions after his death (which occurred November 17th, 1875) up to May 1st, 1876. It is quite clear from the language of the plea that the pleader intended to set up a settlement of all the interest of Johnson's estate in the business of the firm down to the last-mentioned date. The plea states that the account was of the business down to that day, and the agreement of sale states that it was the interest of the estate of Johnson that was sold to the defendant.

But further. The agreement of copartnership provided that in case of the death of one of the partners the business should be carried on by the survivor up to the 1st of May, 1876, and it was carried on after Mr. Johnson's death accordingly, and not by virtue of any agreement with the complainant. It is therefore correct to speak of the interest in question as that of Johnson. Again. The certainty required in equity pleading is only certainty to a common intent. It is quite clear that the transactions set up in the plea possess all the weight and characteristics of an account stated and settled between the parties. Should they be proved, then, in the absence of fraud, which, as before stated, is explicitly and expressly denied, the complainant will be entitled to no account.